IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| United States of America, | ) | CRIMINAL NO. 0:04-322-CMC |
|---|---|---|
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Vernon Paul McLean, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's motion to reconsider. ECF No. 324. Defendant contends this court should reconsider the dismissal of his second or successive application for relief under 28 U.S.C. § 2255 based upon "newly discovered evidence." Mot. for Recons. at 1 (ECF No. 324). Defendant contends the position taken by the Government in a case in North Carolina[1] is newly discovered evidence which warrants this court's reconsideration of the dismissal of Defendant's § 2255 motion filed August 16, 2012.[2]

The court declines to consider whether the position taken by the Government in a case not before this court has any bearing on Defendant's case.[3] The fundamental problem, as noted in the denial of Defendant's previous motion for reconsideration, is that this court is without jurisdiction to entertain Defendant's second or successive motion for relief under § 2255. Defendant's failure

---

[1] *Robinson v. United States*, M.D.N.C. Docket No. 1:11cv1111, 1:00cr198-1.

[2] *See* Mot. to Vacate (ECF No. 302).

[3] After the Government filed its motion in *Robinson*, the Magistrate Judge to whom the case is currently assigned issued an Order directing the Government to file a supplemental response addressing how the court has jurisdiction over Robinson's § 2255 motion and his *Simmons* claim, as Robinson had a prior § 2255 motion which had been denied on its merits. *See* Order of United States Magistrate Judge, M.D.N.C. Docket No. 1:00-198-JAB, ECF No. 121 (filed May 16, 2013). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

1

to secure permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.[4]

As repeated now for the third time, the requirement of filing a motion in the court of appeals

---

[4]Defendant argued in his motion to vacate (and then also in his motion for reconsideration) that his § 2255 motion was not a second or successive motion for relief because it was filed with one year of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and that the *Simmons* decision date qualifies as "the date on which the right asserted was initially recognized by the Supreme Court, of that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). However, Defendant's argument fails for two reasons. First, the important date for Defendant's purpose was June 14, 2010, the day the Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. __, 130 S. Ct. 2577 (2010). *See Dodd v. United States*, 545 U.S. 353, 357-58 (2005) (holding that the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[ ]"). The Fourth Circuit's decision in *Simmons* was merely an application of *Carachuri-Rosendo*. Accordingly, Defendant's motion is untimely under § 2255(f)(3)

Second, even if *Simmons* was somehow applicable to Defendant's previous convictions, the Fourth Circuit has held that the relief in *Carachuri-Rosendo*, as applied in *Simmons*, is not retroactively available in motions for relief under § 2255. *United States v. Powell*, 691 F.3d 554 (2012).

2

(in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing his § 2255 motion was fatal to any action in this court.

Defendant's motion for reconsideration, to the extent it is a properly constituted motion for reconsideration, is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 20, 2013